# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

LENARD PAUL MONK

VERSUS

TRANSCO, INC., MCLANE
COMPANY, INC., ACE AMERICAN
INSURANCE COMPANY, AND
MICHAEL HENDERSON

NO.   2024 CW 0612

**AUGUST 15, 2024**

---

In Re:   Transco, Inc., McLane/Southern, Inc., and ACE American
Insurance Company, applying for supervisory writs, 19th
Judicial District Court, Parish of East Baton Rouge, No.
733166.

---

**BEFORE:   THERIOT, CHUTZ, AND HESTER, JJ.**

　　　**WRIT GRANTED IN PART AND DENIED IN PART.** The portion of the district court's June 3, 2024 judgment ordering that defendants will disclose the identity and position of each person, other than Dr. Robert, who will be present during the examination is modified in part to only require disclosure of the identity and position of each person, if any, who is not a staff member of Dr. Robert. Once the court finds that the party seeking an additional medical examination has established good cause for same, the court should presume that the examination will be conducted in a reasonable manner. If the opposing party seeks to have restrictions placed on said examination, the burden shifts to that party to establish special circumstances justifying the imposition of said restrictions. In meeting this burden, one may not rely on mere allegations or speculation, but should produce competent evidence establishing the need for the restrictions and the harm which could result without same. See **Augustine v. Safeco Insurance Company of Oregon**, 2021-01753 (La. 10/21/22), 351 So.3d 353 (*per curiam*). We find plaintiff failed to produce competent evidence establishing a need for identity of Dr. Robert's staff who may be present during the examination.   The writ application is denied in all other respects.

**MRT**
**WRC**
**CHH**

COURT OF APPEAL, FIRST CIRCUIT

_a.s_

DEPUTY CLERK OF COURT
FOR THE COURT